UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MONICA MCKERRACHER, )<br>     Plaintiff, )<br> )<br>-v- )<br> )<br>GREEN TREE SERVICING, LLC, )<br>     Defendant. )<br>_____ ) | No. 1:15-cv-235<br><br>HONORABLE PAUL L. MALONEY |

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**

  In late 2013, Plaintiff Monica McKerracher was facing financial difficulties and was unable to make payments on her mortgage. Defendant Green Tree had been assigned McKerracher's mortgage. Foreclosure proceedings were initiated and, in July 2014, Green Tree purchased McKerracher's property at a sheriff's sale. Under Michigan law, the redemption period expired on January 17, 2015. McKerracher filed her lawsuit in the Ottawa County Circuit Court in February 2015. After Green Tree removed the lawsuit, it filed a motion to dismiss. Michigan law provides for relief after a redemption period expires under narrow circumstances. Because McKerracher has not pleaded sufficient facts to establish a right to relief for most of her claims, this Court must grant, in part, Green Tree's motion to dismiss.

  In lieu of an answer to the complaint, Green Tree filed this motion to dismiss under Rule 12(b)(6). (ECF No. 6 PageID.42.) McKerracher filed a response. (ECF No. 9 PageID.106.) Green Tree filed a reply. (ECF No. 10 PageID.145.) Neither party requested oral argument. *See* W.D. Mich. LCivR 7.2(d). Having reviewed the motion, briefs, and relevant law, the matter will be decided without a hearing.

I.

The notice-pleading rule requires that a complaint contain a short and plain statement of the

claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) (holding that to survive a Rule 12(b)(6) motion, the complaint "must comply with the pleading requirements of Rule 8(a)."). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Although the court considers the well-pled factual allegations in the complaint, a motion to dismiss turns exclusively on questions of law. *See Thomas v. Arn*, 474 U.S. 140, 150 n.8 (1985); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009) ("Evaluating the sufficiency of the complaint is not a 'fact-based' question of law, . . . .").

   To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide sufficient factual allegations that, if accepted as true, are sufficient to raise a right to relief above the speculative level. *Bell Atl.,* 550 U.S. at 555. And the claim for relief must be plausible on its face. *Id.* at 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). When considering a motion to dismiss, a court must accept as true all factual allegations, but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform,*, 648 F.3d at 369. Naked assertions without further factual enhancement, formulaic recitations of the

elements of a cause of action, and mere labels and conclusions will be insufficient for a pleading to state a plausible claim. *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citations omitted).

When confronted with a 12(b)(6) motion, the court considers only the pleadings, and ordinarily does not consider matters outside the pleadings. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citation omitted). A court may, however, consider exhibits attached to the complaint and exhibits attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. *Id.* (quoting *Bassett v. Nat'l College Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). If the court considers other materials, the motion must be treated as a motion for summary judgment under Rule 56 and the parties must be given a reasonable opportunity to present material pertinent to the motion. *Id.* The complaint, the motion to dismiss, and the response all include attachments. As some of the attached documents are either referred to or are essential to the claims in the complaint, the Court has not converted the motion to one for summary judgment. When the documents submitted by the parties are not referred to or essential to the complaint, the Court has not considered the documents in resolving this motion.

II.

This Court applies Michigan law to McKerracher's state law claims. McKerracher's fourth claim alleges Green Tree violated several federal regulations enacted under the authority of the Real Estate Settlement Procedures Act (RESPA). Because the claim arises under federal law, Green Tree removed the lawsuit under 28 U.S.C. § 1331.[1] When a federal court exercises subject-matter

---

[1] Green Tree also relied on 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

jurisdiction over a complaint on the basis of a federal question, supplemental state law claims are resolved by applying the law of the forum state.[2] *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1996). When a federal court applies state law, the court "must follow the decisions of the state's highest court when that court has addressed the relevant issue." *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013) (involving application of state law in a diversity action). Where the state's supreme court has not weighed in on the issue, federal courts must anticipate how the state's supreme court would rule by considering "all available data, including the decisional law of the state's lower courts." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). "'Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' This rule applies regardless of whether the appellate court decision is published or unpublished." *Id.* (citations omitted).

### III.

McKerracher includes five claims in the complaint. Green Tree addresses each of the five claims.

#### A. Wrongful Foreclosure

For the first claim, McKerracher asserts Green Tree failed to follow the statutory requirements of the foreclosure by advertisement process. (ECF No. 1-1 Compl. PageID.12.) Specifically, McKerracher contends Green Tree (1) did not properly notify her, in writing, of the

---

[2]This Court would also apply state law to the state law claims brought in federal court under the diversity statute. In diversity suits, federal courts apply the substantive law of the forum state. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008) (citing *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003)).

foreclosure proceedings (*id.* 18a), (2) did not post notice of the foreclosure four times in a newspaper (*id.* ¶ 18b), and (3) did not properly calculate the amount due, including all costs and fees as of the date of the sheriff's sale (*id.* ¶ 18c).

In recent years, federal courts in Michigan have seen a number of complaints filed in which the plaintiff alleges various deficiencies in the foreclosure process. As the district courts resolve those claims, and as the matters have been taken up on appeal, the Sixth Circuit Court of Appeals has been afforded the opportunity to review the manner in which the claims have been resolved. *E.g., Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359-60 (6th Cir. 2013). Absent indications from a Michigan court that the Sixth Circuit has misapplied Michigan law, this Court must follow Sixth Circuit interpretations of Michigan statutes. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009).

In Michigan, foreclosure of a mortgage by advertisement is governed by statute. *Holliday v. Wells Fargo Bank, NA*, 569 F.App'x 366, 368 (6th Cir. 2014); *see* Mich. Comp. Laws §§ 600.3201, *et seq.*[3] Once the foreclosure process is complete, and the redemption period following the foreclosure has expired, the former owner loses all rights, title, and interest in and to the mortgaged property. *Holliday*, 569 F.App'x at 368 (quoting *Munaco v. Bank of America*, 513 F.App'x 508, 510 (6th Cir. 2013)). The borrowers can have the foreclosure sale set aside only if they make a clear showing of fraud or irregularity in the foreclosure procedure itself.[4] *Id.* (quoting *Vanderhoof v. Deutsche Bank Nat'l Trust*, 554 F.App'x 355, 357 (6th Cir. 2014)). The Sixth Circuit

---

[3]The statute governing foreclosure by advertisement has been amended in recent years. *E.g.,* 2014 Mich. Pub. Acts No. 124, § 1, *effective*, June 19, 2014; 2012 Mich. Pub. Acts No. 521, *effective* June 30, 2013.

[4]The failure to follow the statutory foreclosure process renders the foreclosure sale voidable. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012).

has stated that the burden on the borrower is a "high standard." *Conlin*, 714 F.3d at 360. In addition to establishing a fraud or irregularity in the foreclosure process, the plaintiff must demonstrate prejudice as the result of the defendant's failure to comply with the foreclosure statute. *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 567 (6th Cir. 2015.) To demonstrate prejudice, a plaintiff must also show that she would have been in a better position to preserve her interest in the mortgaged property absent defendant's failure to comply with the statute. *Id.* (quoting *Kim*, 825 N.W.2d at 337).

Green Tree is entitled to dismissal of Count 1. Taking the allegations in the complaint as true, McKerracher has not pleaded sufficient facts for this Court to set aside the sheriff's sale. First, McKerracher fails to meet the stringent standard for showing a fraud or irregularity in the statutory foreclosure process. The three irregularities identified in the complaint (Compl. ¶ 18(a)-©) are, at best, formulaic recitations and naked assertions devoid of any factual development. *See Holliday*, 569 F.App'x at 369. Such allegations do not meet the pleading standard outlined in *Iqbal* and *Twombly*.[5]

Second, McKerracher has not pleaded sufficient facts to establish prejudice arising from fraud or irregularities in the statutory foreclosure process. In her response brief, McKerracher argues that she pleaded prejudice arising from the improper denial of a loan modification, for which

---

[5] The Court notes several attachments to Green Tree's motion and brief, which would establish that notice of the sale was published for four consecutive weeks in the Zeeland Record (ECF No. 7-2 PageID.85), that a notice of the sale was posted on the residential property (ECF No. 7-2 PageID.86), and that the amount due and owing after the sheriff's sale was calculated (ECF No. 7-2 PageID.88). The Court cannot, however, consider those documents as those documents are not referred to in the complaint and are not central to McKerracher's claim. Furthermore, it would not be possible to consider those documents and accept as true the allegations in the complaint. Therefore, the Court has not considered those documents.

she qualified. But this allegation of prejudice does not arise from failure of Green Tree to comply with Michigan's foreclosure statute. *See Chambers*, 796 F.3d at 567. In her response brief, McKerracher argues that the loan modification requirement is found in a federal regulation. The Sixth Circuit has clarified that an irregularity in the foreclosure process is distinct from an irregularity in any loan modification process. *Campbell v. Nationstar Mortg.*, 611 F.App'x 288, 294 (6th Cir. 2015) (collecting cases).

The Court must note that a prior version of the Michigan's foreclosure by advertisement statute contained a requirement for negotiating a loan modification after the mortgagor provided notice of its intent to foreclose. *Holliday*, 569 F.App'x at 369-70 (discussing Mich. Comp. Laws § 600.3502, *et seq.*); *Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012) (citing Mich. Comp. Laws § 600.3205(a)-(c)).[6] However, those statutory provisions have since been repealed.[7] *See Ray v. U.S. Bank Nat'l Ass'n*, –F.App.x–, 2015 WL 5670841, at *1 (6th Cir. Sept. 28, 2015) (noting that § 600.3205, *et seq.* was repealed). Furthermore, the "sole remedy" for a violation of the statutory loan modification process was filing a lawsuit to convert the foreclosure by advertisement to a judicial foreclosure. *Holliday*, 569 F.App'x at 370 (citing Mich. Comp. Laws § 600.3205(c)(8); *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F.App'x 492, 499 (6th Cir. 2014) (discussing same). Assuming, for the sake of argument only, that § 600.3502c was in effect and

---

[6]In *Mitan*, the Sixth Circuit concluded that when the mortgagee fails to comply with the statutory requirements for foreclosure by advertisement, the foreclosure sale is void. *Mitan*, 703 F.3d at 952-53. Subsequently, the Michigan Supreme Court held that the foreclosure sale is not void, but rather is voidable. *Kim*, 825 N.W.2d at 337. The Sixth Circuit has since acknowledged that its holding in *Mitan* is "no longer good law[.]" *Gjokaj v. HSBC Mortg. Servs., Inc.*, No. 14-1964, 2015 WL 859551, at *3 (6th Cir. Feb. 27, 2015) (collecting cases).

[7]Section 600.3205a through section 600.3205d were repealed, effective June 30, 2013. *See* Mich. Comp. Law § 600.3205e, effective Dec. 28, 2012 to July 2, 2013; 2012 Mich. Pub. Acts No. 521.

applied when Green Tree began foreclosure proceedings, McKerracher "did not utilize that exclusive remedy available to [her]. Thus, any prejudice [she] suffered was attributable to [her] own failure to seek the relief" afforded by the statute. *Elsheick*, 566 F.App'x at 499.

B. Breach of Contract

For her second claim, McKerracher asserts a breach of the implied covenant of good faith and fair dealing that is inherent in her contract, the note and mortgage, with Green Tree. McKerracher contends Green Tree violated the implied covenant by (1) failing to mitigate damages as she qualified for loan modification, but one was not offered (Compl. ¶ 22(a)); (2) negligently conducting prequalification procedures (Compl. ¶ 22(b)); and (3) misleading Plaintiff about the prequalification and loan mitigation options available (Compl. ¶ 22(c)). Green Tree argues that McKerracher breached her obligations under the contract and that it merely exercised its rights as a result of that breach.

Green Tree is entitled to dismissal of the breach of contract claim. Similar, if not identical, claims have been considered and rejected by several federal district courts in Michigan. *See, e.g., Clark v. Ocwen Loan Servicing, LLC*, No. 1:15-cv-659, 2015 WL 6159447, at *3 (W.D. Mich. Oct. 20, 2015); *Deming-Anderson v. PNC Mortg.*, –F.Supp.3d–, 2015 WL 4724805, at *6 (E.D. Mich. Aug. 10, 2015); *Talton v. BAC Home Loans Servicing LP*, 839 F.Supp.2d 896, 911 (E.D. Mich. 2012). "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Michigan, Inc.*, 718 N.W.2d 827, 841 (Mich. Ct. App. 2006); *see Coyer v. HSBC Mortg. Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (affirming, in a foreclosure case, the dismissal of a claim for breach of the implied covenant of good faith and fair dealing because Michigan does not recognize the claim). An exception to this rule exists when

8

one party's performance of the contract is a matter of its own discretion because the parties "have agreed to defer decision on a particular term of the contract." *Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003). Loan modification after a default does not fall within this exception. *See Talton*, 839 F.Supp.2d at 911. McKerracher cannot maintain a breach contract claim based on the language in the note and mortgage because no term in either the mortgage or note obligated Green Tree to modify the loan. *See Martin v. Bank of New York Mellon Corp.*, No. 15-cv-10330, 2015 WL 7352006, at *4 (E.D. Mich. Nov. 20, 2015).

C. Fraudulent Misrepresentation

McKerracher claims Green Tree made false and fraudulent misrepresentations, which it knew to be false, and on which she relied to her detriment and which caused her not to challenge the foreclosure. (Compl. ¶¶ 24-27.) The false or fraudulent misrepresentations occurred during the discussions between McKerracher and Green Tree about her eligibility for loan modification programs. McKerracher relies on *Jarchow v. Citimortgage, Inc.*, No. 13-11925, 2014 WL 1759074, at *4 (E.D. Mich. May 2, 2014).

Green Tree is entitled to dismissal of the claim for fraudulent misrepresentation. Green Tree argues that any representations made about loan modifications amounted to promises of future action. Under Michigan law, "an action for fraudulent misrepresentation must be predicated upon a statement relating to a past or existing fact. Future promises are contractual and do not constitute fraud." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 318, 816 (Mich. 1976). Multiple federal district courts in Michigan have rejected similar claims because the promise to review a loan for modification constitutes a future promise. *See Etts v. Deutsche Bank Nat'l Trust Co.*, –F.Supp.3d–, 2015 WL 5026192, at *4 (E.D. Mich. Aug. 25, 2015) (collecting cases); *see also Lessl*

9

*v. CitiMortgage, Inc.* 515 F.App'x 467, 470 (6th Cir. 2013) (affirming the dismissal of a claim for intentional misrepresentation because the letter received by the homeowner from the mortgage company required the homeowner to perform some action to avoid foreclosure and the letter was, therefore, not a misrepresentation of past or present material facts). Finally, the Court notes that passage from *Jarchow* cited by McKerracher discussed a claim for wrongful foreclosure, not a claim for fraudulent misrepresentation, and that the claim was based on statutory provisions that have since been repealed. *See Radisavljevich v. Comerica Bank*, No. 14-14777, 2015 WL 4771427, at *4 (E.D. Mich. Aug. 13, 2015).

### D. RESPA

McKerracher claims Green Tree violated federal regulations promulgated by the Consumer Financial Protection Bureau under the Dodd-Frank Act and RESPA. *See Campbell*, 611 F.App'x at 296. McKerracher reasons she was prequalified for a mortgage modification program in February 2014 by a representative of Green Tree. She alleges she submitted a complete loan modification request to Green Tree in February 2014. She also alleges she qualified for FNMA Streamline, which requires no documents, and she qualified for HAMP Tier I modification, a program in which Green Tree particpates. McKerracher alleges Green Tree violated 12 C.F.R. § 1024.41(g) (Compl. ¶ 31-23); § 1024.41(c) (*id.* ¶ 33(a)-(c)), § 1024.41(f)(2) (*id.* ¶ 34), § 1024.38(b)(2) (*id.* ¶¶ 35-36), and § 1024.39 (*id.* ¶¶ 38-40).

Green Tree is entitled to dismissal of some of the alleged violations of the regulations. First, Green Tree argues any violation of § 1024.39 must be dismissed because Plaintiff was already in default when the regulations became effective. (ECF No. 7 Def. Br. at 12 PageID.61.) In her complaint, McKerracher alleges she made payments on her mortgage through November 2013.

(Compl. ¶ 9.) As the regulations did not become effective until January 10, 2014, Green Tree is correct that McKerracher was already in default.[8] Section 1024.39(a) requires the loan servicer to establish, or try to establish, live contact with the delinquent borrower "not later than the 36th day of the borrower's delinquency[.]" 12 C.F.R. § 1024.39(a). Applying the plausibility standard from *Twombly* and *Iqbal*, McKerracher has not alleged sufficient facts for this Court to conclude that the regulation went into effect before the 36th day of her delinquency. Green Tree would have no obligation under the regulation to contact her prior to January 10, 2014. McKerracher does not address this argument in her response brief. The response brief does not discuss § 1024.39 at all. The Court finds McKerracher has waived any claim brought under § 1024.39. *See Humphrey v. United States Attorney Gen.'s Office*, 279 F.App'x 328, 331 (6th Cir. 2008). Accordingly, any claim arising under 12 C.F.R. § 1024.39 is dismissed.

Second, Green Tree argues the claims brought under § 1024.41 should be dismissed, reasoning that the regulation explicitly states that it does not impose "a duty on a servicer to provide a borrower with any specific loss mitigation option." 12 C.F.R. § 1024.41(a). Green Tree also argues that any obligation imposed by this regulation arises only after the borrower submits a "complete loss mitigation application." *Id.* § 1024.41(b)(1). Green Tree contends the complaint fails to allege that McKerracher ever sent a complete loss mitigation application to Green Tree. McKerracher responds that she has adequately pleaded a claim because she has explicitly stated that she was prequalified for loss-mitigation assistance.

Green Tree is not entitled to dismissal of claims under § 1024.41. McKerracher has pleaded

---

[8]The regulations on which McKerracher bases her claim did not become effective until January 10, 2014, and the regulations are not retroactive. *Campbell*, 611 F.App'x at 297-98.

that she spoke with an agent of Green Tree in February 2014, after the regulation became effective, and requested mortgage assistance. (Compl. ¶ 12.) McKerracher has pleaded that she was informed by the agent that she was prequalified for mortgage assistance and that Green Tree would be sending a request for assistance package to McKerracher. (*Id.* ¶ 13.) However, McKerracher never received any packet of forms, even after she followed up her request with another telephone call. (*Id.* ¶ 14.) Under these facts, which this Court must accept as true, Green Tree was obligated under 12 C.F.R. § 1024.41(b)(2) to review McKerracher's loss mitigation request. Because the request was not written and was not complete, Green Tree needed to identify to McKerracher what additional documents and information were necessary to complete the application. 12 C.F.R. § 1024.41(b)(2)(i)(B). McKerracher has not demanded any specific loss mitigation option. McKerracher's pleadings are not a formulaic recitation of the requirements of the regulation. Here, McKerracher has provided sufficient facts to put Green Tree on notice of the claim against it.

Third, Green Tree argues the relief McKerracher seeks for her RESPA claim is not available. McKerracher requests the Court (1) set aside the sheriff's deed, (2) order Green Tree to conduct a proper evaluation of her application for mortgage modification, and (3) award all damages to which is would be entitled under RESPA, including elimination of all arrears added to her mortgage. (Compl. at 13-14 PageID.21-22.)

Green Tree is entitled to dismissal of some of the requested relief. The regulation states that a borrower may enforce its provisions through 12 U.S.C. § 2605(f). 12 C.F.R. § 1024.41(a). The statute, § 2605(f), permits a borrower to recovery actual damages and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000. 12 U.S.C. § 2605(f)(1)(A)-(B). A borrower who

successfully sues under § 2605(f) may also recover the costs of the action and attorney fees. *Id.* § 2605(f)(2). This provision of RESPA authorizes monetary damages; it does not offer injunctive relief. *See Clark*, 2015 WL 6159447, at *6; *Fredericks v. Allquest Home Mortg. Corp.*, No. 15-10429, 2015 WL 1966856, at *3 (E.D. Mich. Apr. 30, 2015). RESPA provides no basis for this Court to set aside the sheriff's deed, to require Green Tree to conduct a proper evaluation of her application for mortgage modification request, or to eliminate all of the arrears added to her mortgage.[9]

Green Tree argues that McKerracher's claim for damages should also be dismissed. Because this Court has not dismissed McKerracher's claim for a violation of the regulation, and because McKerracher has requested damages in the complaint, the posture of McKerracher's claim is distinct from the two cases cited by Green Tree, *Battah v. ResMAE Mortg. Corp.*, 746 F.Supp.2d 869, 876 (E.D. Mich. 2010) and *Jarbo v. BAC Home Loan Serv.*, No. 10-12632, 2010 WL 5173825 at *5 (E.D. Mich. Dec. 15, 2010). Both of those cases involved allegations that the lender failed to respond to a qualified written requests, *see* 12 U.S.C. § 2605(e)(1)(B), and a lack of facts showing damages resulting from the failure. *Battah*, 746 F.Supp.2d at 876; *Jarbo*, at * 5. Here, Plaintiff has both alleged a violation of the regulation and has requested damages arising from that violation.

### E. Negligence

Green Tree argues the Court should dismiss the claim for negligence. Green Tree argues that it does not owe McKerracher any duty separate and distinct from its contractual obligations.

Under Michigan law, a negligence claim requires a defendant owe the plaintiff some duty and

---

[9]To the extent McKerracher does request a specific loss mitigation option, the regulation explicitly forbids such a demand.

must have breached that duty. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 357 (6th Cir. 2014); *Loweke v. Ann Arbor Ceiling & Partition Co., L.L.C.*, 809 N.W.2d 553, 556-57 (Mich. 2011); *Fultz v. Union-Commerce Assocs.*, 683 N.W.2d 587, 590 (Mich. 2004). In order for a tort claim to arise when the parties have a contract, the duty breached must be independent from the contractual obligations of the breaching party. *Loweke*, 809 N.W.2d at 560 (quoting *Fultz*, 683 N.W.2d at 592). In *Loweke*, the Michigan Supreme Court clarified the holding in *Fultz*, explaining that "in determining whether the action arises in tort, and thus whether a separate and distinct duty independent of the contract exists, the operative question under *Fultz* is whether the defendant owes the plaintiff any legal duty that would support a cause of action in tort, including those duties that are imposed by law." *Loweke*, 809 N.W.2d at 561.

Green Tree is entitled to dismissal of the negligence claim. The Sixth Circuit recently issued an opinion affirming the dismissal of a similar claim. *See Campbell*, 611 F.App'x at 298-300. The plaintiff in *Campbell* alleged a negligence claim based on the lender's failure to adhere to requirements of the Home Affordable Mortgage Program (HAMP). The district court dismissed the claim, concluding that HAMP did not create any private right of action, and finding that no legal basis existed for recasting the claim as a tort. *Campbell v. Nationstar Mortg.*, No. 14-cv-10645, 2014 WL 3808934, at *2 (E.D. Mich. May 19, 2014). The circuit court agreed, and added additional reasons why the negligence claim failed. The court noted that violations of regulations may provide evidence of negligence, but plaintiff still needed to establish that the regulation imposed a duty on the lender that was owed to the borrower. *Campbell*, 611 F.App'x at 299. Multiple federal district courts in Michigan have held that a lender does not owe a duty of reasonable care to the borrower

in the context of loan modifications.[10] *See Ross v. Fed. Nat'l Mortg. Ass'n*, No. 13-12656, 2014 WL 3597633, at *9 (E.D. Mich. July 22, 2014) (collecting cases); *Andrade v. Carrington Mortg. Servs., LLC*, No. 1:15-cv-713, 2015 WL 7108119, at *4 (W.D. Mich. Nov. 13, 2015) ("With regard to § 1024.41, courts have rejected negligence claims based on alleged violations of that section, concluding that it imposes no duties on servicers to exercise reasonable care in evaluating a borrower's application for a loan modification") (collecting cases). On the assumption that the regulation did create some duty, the circuit court also held that the plaintiff could not establish causation. *Campbell*, 611 F.App'x at 299. The plaintiff in *Campbell*, like McKerracher, failed to establish an irregularity in the statutory foreclosure process. *See Campbell*, 611 F.App'x at 293-94. Because the defendant could legally foreclose on Campbell's property, the foreclosure was not "caused" by the failure to properly investigate and evaluate Campbell's application for mortgage modification. *Id.* at 299-300. The same result occurs here. Because the loan modification evaluation was not a required part of Michigan's statutory foreclosure process, the alleged breach – the failure to properly consider and evaluate McKerracher for a mortgage modification – did not cause the foreclosure.

The authority on which McKerracher relies does not require a different outcome. McKerracher argues that violation of a federal regulation can be a defense to a mortgage foreclosure, citing *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149, 165 (6th Cir. 2014), among others. But

---

[10]As previously noted, the regulation on which McKerracher relies, § 1024.41, explicitly states that it does not create any duty on the servicer of a loan, and "should not be construed to create a right for a borrower to enforce the terms of any agreement between the servicer and the owner and assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to applicable law." 12 C.F.R. §1024.41(a).

*Mik* involved a renter invoking a different federal regulation, the Protecting Tenants at Foreclosure Act (PFTA). The opinions cited in the preceding paragraph conclusively establish that federal courts have rejected state-law negligence claims based on federal mortgage modification regulations. Furthermore, none of the authorities cited by McKerracher establish that a state-law negligence claim could serve as a basis for setting aside a mortgage foreclosure that was authorized by a state statute.

IV.

Defendant Green Tree is entitled to dismissal of most of the complaint. McKerracher has not pleaded sufficient facts to establish a claim for wrongful foreclosure under the Michigan statute. She has not identified a fraud or irregularity in the foreclosure process or any prejudice from the fraud or irregularity. The mortgage modification process is not part of the Michigan foreclosure statute. Generally, Michigan does not recognize a breach of contract for the implied covenant of good faith and fair dealing. Although there is a limited exception to the general rule, no court has recognized a breach arising from a loan modification program because those programs are not part of the contract between the home owner and the lender or servicer. A similar problem exists for the fraudulent misrepresentation claim. Under Michigan law, future promises cannot give rise to a claim for fraudulent misrepresentation. The courts that have considered the same or similar claims for fraudulent misrepresentation in the mortgage modification process have concluded that those are future promises. Finally, this Court must dismiss the negligence claim. Under Michigan law, lenders and servicers of a mortgage have no duty of care to the borrower in the context of a mortgage modification program. Even if some duty did exist, so long as the lender or servicer did not violate the statutory foreclosure process, the borrower cannot establish that the breach of the duty caused

the foreclosure.

The Court has not dismissed the entirety of McKerracher's RESPA claim. Based on the arguments raised in the motion to dismiss, McKerracher has pleaded sufficient facts to state a claim for a violation of 12 C.F.R. § 1024.41. However, McKerracher cannot obtain any injunctive relief for that claim.

## ORDER

For the reasons provided in the accompanying Order, Defendant Green Tree's motion to dismiss (ECF No. 6) is **GRANTED IN PART.** McKerracher's claims for wrongful foreclosure, breach of contract, fraudulent misrepresentation, violation of 12 C.F.R. § 1024.39, and negligence are **DISMISSED.** McKerracher's request for injunctive relief associated with her claim for violation of 12 C.F.R. § 1024.41 are also **DISMISSED.**

**IT IS SO ORDERED.**

Date:   December 17, 2015                              /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge